UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**REGINALD E. WOOD, JR.,**

    **Plaintiff,**

v.                                    Case No.: 8:22-cv-02431-CEH-AAS

**NETFLIX, INC., et al.,**

    **Defendants.**
_____/

## ORDER

Plaintiff Reginald Wood moves for an order allowing alternative service of process on Defendant Rahman Muhammad. (Doc. 48). Mr. Muhammad opposes the motion. (Doc. 51).

**I. BACKGROUND**

Mr. Wood attempted service on Mr. Muhammad four times by three process servers. (Doc. 48). Mr. Wood first attempted service at Mr. Muhammad's last known address. (Doc. 56, p. 1). The process server's affidavit of service states service was delivered to "Co-Habitant" Cassandra Fields at Mr. Muhammad's last known address. (*See* Doc. 44).[1] Second, Mr. Wood's

---

[1] Mr. Muhammad moved to strike Mr. Wood's affidavit of service because Mr. Muhammad stated he no longer lived at the address identified in the affidavit— 3210 10th St NE, Washington, DC. (Doc. 39). The court granted Mr. Muhammad's motion. (Doc. 44).

1

process server attempted service twice at the law office of Mr. Muhammad's counsel but was denied entry.[2] (Doc. 46, p. 3). Mr. Wood also attempted service at a convention in Washington D.C. by public notary Walter Ferebee.[3] (Doc. 46, p. 1).

Mr. Wood now requests that the court allow him to serve Mr. Muhammad via certified mail to his last known address, service on Mr. Muhammad's counsel, or service by email on Mr. Muhammad and his counsel. (Doc. 48). Mr. Muhammad opposes Mr. Wood's motion, and argues Mr. Wood is attempting to "harass" Mr. Muhammad in his attempts at service and the time for service is past due.[4] (Doc. 51).

## II. ANALYSIS

A plaintiff may affect service on a defendant "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e). A court may "make an order for service by publication *or otherwise* when service cannot

---

[2] Mr. Muhammad's counsel does not appear to explicitly oppose accepting service, but objects to the short notice of the request. (*See* Doc. 51-2, p. 4).

[3] Mr. Muhammad disputes Mr. Ferebee's attempted service and states Mr. Muhammad was not in Washington D.C. at the time of the attempted service. (Doc. 51, p. 8; 51-1).

[4] Mr. Muhammad's motion disregards the court's extension of time for Mr. Wood to serve Mr. Muhammad. (*See* Doc. 47).

with due diligence be made upon any expected adverse party named in the petition." Fla. R. Civ. P. 1.290(a)(2) (emphasis added). The purpose of the service of summons is to give proper notice to the defendant. *Klosenski v. Flaherty*, 116 So. 2d 767, 768 (Fla. 1959). The court may extend time for service of process, Fed. R. Civ. P. 4(m), and the discretion to grant service by alternative means lies solely within the discretion of the court. *McPherson v Seaduced, LLC*, 2014 WL 5502493, at *2 (M.D. Fla. Oct. 30, 2014). The court will not require a plaintiff to expend limitless resources to serve a defendant with actual notice of suit and who intentionally evades service. *Allegheny Int'l Servs. (ME), LLC v. Flynn*, No. 8:18-CV-1568-T-33SPF, 2018 WL 4565744, at *1 (M.D. Fla. Sept. 24, 2018) (holding because the defendant evaded service and had actual notice of the lawsuit, service via email was sufficient to effectuate service); *Nappi v. Welcom Prod., Inc.,* No. 8:13-CV-3183-T-33TGW, 2014 WL 1418284, at *2 (M.D. Fla. Apr. 11, 2014) (warning the defendant not to evade good faith service attempts).

Mr. Muhammad certainly has knowledge of this lawsuit and has evaded Mr. Wood's good-faith efforts of service. Mr. Muhammad's actual notice of suit is demonstrated by Mr. Muhammad's motion to quash service, (Doc. 42), and the appearance of counsel on his behalf. *See Allegheny*, 2018 WL 4565744, at

3

\*2 (finding the defendant's motions to quash service and refusal to engage with the process server or authorize his attorney to receive service proved notice of the lawsuit).

Mr. Wood has made multiple good faith attempts to serve Mr. Muhammad under Fed. R. Civ. P. 4(e)(2)(A)–(C). *Cf. McPherson v Seaduced, LLC*, No. 8:14-CV-2315-T-33EAJ, 2014 WL 5502493, at \*2 (M.D. Fla. Oct. 30, 2014) (finding alternative service was not appropriate because the defendant had not exhausted all service options). Mr. Wood attempted to serve Mr. Muhammad at his last known abode, at a convention, and twice at the law office of Mr. Muhammad's counsel. Despite these multiple attempts at service, Mr. Muhammad continues to evade service by refusing to authorize his attorney to accept service or provide a feasible manner for Mr. Wood to effectuate service. *See Allegheny*, 2018 WL 4565744, at \*2 (finding that the defendant evaded service by refusing to authorize his attorney to accept process and refusing to engage with the process server); *Lancaster v. Bottle Club, LLC*, No. 8:17-CV-634-T-33JSS, 2017 WL 4922855, at \*2 (M.D. Fla. Oct. 31, 2017) (finding evasion of service when the defendant refused to accept service and denied the process server entry).

For these reasons, the court finds Mr. Muhammad has actual notice of the suit and is evading service. The court also finds Mr. Wood made diligent inquiries and good-faith efforts to effectuate service. *See McPherson*, 2014 WL 5502493, at *2 (acknowledging exceptions to personal service when the plaintiff made a "diligent inquiry and effort"). This court will not require Mr. Wood to expend limitless resources to serve Mr. Muhammad, whom has actual notice of suit and is intentionally evading service.

## III. CONCLUSION

Mr. Wood's motion to effectuate alternative service on Mr. Muhammad (Doc. 48) is **GRANTED**. No later **July 25, 2023** (*See* Doc. 47), Mr. Wood may serve Mr. Muhammad via electronic mail to Mr. Muhammad at arm.legacy@gail.com and Mr. Muhammad's counsel at HERBERTG@gtlaw.com.

**ORDERED** in Tampa, Florida on June 21, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc:
Reginald E. Wood, Jr.
P.O. Box 1781
Ruskin, FL 33575