# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

REGINALD E. WOOD, JR. ,

    Plaintiff,

v.                                     Case No: 8:22-cv-2431-CEH-AAS

NETFLIX, INC., ARK MEDIA PRODUCTIONS LLC, ABDUR RAHMAN MUHAMMAD, KELLY WOOD, RACHEL DRETZIN and PHIL BERTELSON,

    Defendants.

_____/

## ORDER

This case comes before the Court on *pro se*[1] Plaintiff Reginald E. Wood, Jr.'s "Motion for leave to enter newly discovered key evidence. 2 Corrected." Doc. 94.

In this matter, Plaintiff asserts claims for various forms of defamation, one count of conspiracy to defame, and one count of intentional infliction of emotional distress against several defendants. Doc. 53 ¶¶ 64–125. The claims revolve around a letter Plaintiff states that he discovered from his cousin, Raymond Wood, containing

---

[1] *Pro se* parties should review the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, which can be viewed on the Court's website at https://www.flmd.uscourts.gov/local-rules. A pro se party should also consult the "Litigants Without Lawyers" guide on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers. Additionally, a *pro se* litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook. A *pro se* party may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/probono.

a death-bed confession implicating Raymond Wood and the government in the 1965 assassination of Malcolm X. *See* Doc. 53 at 8–11. Plaintiff claims that Defendants, after attempting to buy the rights to his story, defamed him in various ways, including through statements to the press alleging that the letter is fake and in an online video. *Id.* at 10–11. Several motions to dismiss have been briefed and are pending. Docs. 56, 57, 70, 74.

Plaintiff seeks leave to include recently discovered evidence into his opposition to the various pending Motions to Dismiss. Doc. 94 at 1. He indicates that the motion is opposed by all Defendants. *Id.* Specifically, he seeks to add information from sworn affidavits and public statements of two individuals issued in the last week, which he claims would prove that his uncle's confession letter contains "factual detail that directly proves that the statements of the defendants were known falsehoods." Doc. 94 at 1–2. Additionally, Plaintiff seeks to add allegations regarding a video of Defendant Abdur Rahman Muhammad discussing the letter, which he claims would establish Muhammad's "motive to defame" him and support his claims of actual malice and intentional defamation. *Id.* at 2.

Plaintiff filed a motion substantially similar to the instant one on February 25, 2024, which was denied due to his failure to include a memorandum of law and because the motion was unclear as to the specific relief sought. *See* Doc. 92. The Court noted that, if Plaintiff intended to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), he was required to do so by motion. *Id.* Again, Plaintiff's updated motion does not include a memorandum of legal authority in support of the

2

requested relief, as required by Middle District of Florida Local Rule 3.01(a), besides asking that the Court "in the furtherance of justice . . . [to] allow the Plaintiff to enter this newly discovered evidence into the pleadings." Doc. 94 at 2. He specifically requests that the evidence be entered "into the pleadings of the plaintiffs' opposition to the motion to dismiss." *Id.* at 1.

This motion will again be **DENIED**.[2] To the extent that Plaintiff seeks to enter newly discovered evidence into his opposition to the motions to dismiss, this would be inappropriate. Plaintiff cannot rebut the Defendants' various arguments for dismissal of his Amended Complaint by citing to evidence and facts not alleged in the operative complaint.

"The purpose of a motion to dismiss is to test the complaint to ensure that the factual allegations contained therein, if proven, would entitle [a plaintiff] to the relief sought . . ." *Lee v. Security Check, LLC,* 3:09-cv-421-HWM-TEM, 2009 WL 3790455, at *2 (M.D. Fla. Nov. 9, 2009). Accordingly, "[w]hen considering a motion to dismiss . . . the Court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank,* N.A., 225 F.3d 1228, 1231 (11th Cir. 2000). Courts within the Eleventh Circuit have held that a litigant cannot supplement his or her pleadings in a response to a motion to dismiss. *See Lee,* 2009 WL 3790455 at *2 (striking exhibits attached to a response to a motion to dismiss because "the exhibits and new factual assertions addressed . . . attempt to insert new facts not contained in [the plaintiff's

---

[2] Additionally, Doc. 93, an earlier version of the instant motion, will be denied as moot.

complaint]"); *Brandywine Communications Tech., LLC v. T-Mobile USA,* Inc., 904 F.Supp.2d 1260, 1272 n.13 (M.D. Fla. 2012) ("Plaintiff cannot add facts bolstering its allegations within its response to a motion to dismiss . . .").

The evidence and allegations Plaintiff seeks to introduce through the instant Motion are not mentioned in the operative complaint. Specifically, it does not include allegations regarding either of the individuals who have provided sworn affidavits and public statements, nor are there allegations regarding Defendant Abdur Rahman Muhammad's additional video. *See* Doc. 53. Plaintiff states that such evidence is "newly discovered." *See* Doc. 94. As stated above, however, a response to a motion to dismiss is not the proper avenue to supplement the Complaint's allegations. *Brandywine Communications Tech., LLC,* 904 F.Supp.2d at 1272 n.13. Should new facts arise during the course of the litigation, a plaintiff can seek leave of court to file an amended complaint that includes new allegations and evidence. *See* Fed. R. Civ. P. 15(a).

Therefore, it is ORDERED:

(1) If Plaintiff wishes to have the newly discovered evidence discussed in his motion at Doc. 94 considered, he must file a motion to amend his complaint within **FOURTEEN (14) DAYS** of this order.[3] And, Plaintiff must attach

---

[3] According to Plaintiff's motion, Defendants strongly oppose Plaintiff's request to include the evidence in question in his opposition to the motion to dismiss. *See* Doc. 94 at 1. Assuming they similarly oppose Plaintiff amending his complaint to include these new allegations, the Court would nevertheless consider Plaintiff's timely request for amendment based on the standard in Fed. R. Civ. P. 15(a)(2), which indicates that the Court should "freely give leave when justice so requires."

the proposed amended complaint as an exhibit to his motion to amend the complaint.[4]

(2) If Plaintiff fails to respond or informs the Court through a notice filed within **SEVEN (7) DAYS** of this Order that he does not wish to amend the complaint, the Court will rule on the Motions to Dismiss as they stand, without considering the new allegations described in Plaintiff's motion.

(3) Finally, the Court notes that the Parties have failed to file a Case Management Report in this matter, as required by Middle District of Florida Local Rule 3.02. Therefore, within **TWENTY-ONE (21) DAYS** of this order, Plaintiff is directed to confer with Defendants and file a Case Management Report conforming with the Middle District of Florida's Uniform Case Management Report, which can be found on the Court's website.[5] **Failure to file a Case Management Report or otherwise respond may result in this action being dismissed without further notice.**

---

[4] Plaintiff is advised that an amended complaint supersedes the original in its entirety. Therefore, reference to a prior pleading or another document is improper. If Plaintiff files a subsequent Amended Complaint, the original pleading or pleadings will no longer serve any function in this case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

[5] *See* https://www.flmd.uscourts.gov/forms/all/civil-forms; *see also* Middle District of Florida Local Rule 3.02(b): "(b) TIMING. The parties must file the case management report: (1) within forty days after any defendant appears in an action originating in this court . . ."

**DONE** and **ORDERED** in Tampa, Florida on March 1, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties