UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINALD E. WOOD, JR.,

    Plaintiff,

v.

NETFLIX, INC., ARK MEDIA
PRODUCTIONS LLC, ABDUR
RAHMAN MUHAMMAD, KELLY
WOOD, RACHEL DRETZIN and
PHIL BERTELSON,

    Defendants.

Case No: 8:22-cv-2431-CEH-AAS

## ORDER

    This cause comes before the Court upon Plaintiff Reginald E. Wood, Jr.'s Emergency Motion for Injunction Against Continued Defamation. Doc. 141. Wood asks the Court for "immediate relief in the form of an injunction to cease the defamatory statements made by Defendants." *Id.* at 1.

    Specifically, Plaintiff asks that the Court order Defendant Abdur Rahman Muhammad to remove an image of him from social media. *Id.* Furthermore, Plaintiff asks that Muhammad be ordered to cease and desist from making defamatory statements about him and to remove any existing defamatory content from all public platforms. *Id.* at 5. For the reasons described herein, Plaintiff fails to show that he is

entitled to extraordinary relief in the form of a temporary restraining order. Therefore, the Court will deny the Emergency Motion.[1]

## DISCUSSION

In this matter, Plaintiff asserts claims for various forms of defamation, one count of conspiracy to defame, and one count of intentional infliction of emotional distress against several defendants. *See generally* Doc. 110. The claims revolve around a letter Plaintiff states that he discovered from his cousin, Raymond Wood, containing a death-bed confession implicating Raymond Wood and the government in the 1965 assassination of Malcolm X. Plaintiff claims that Defendants, after attempting to buy the rights to his story, defamed him in various ways, including through statements to the press alleging that the letter is fake and in an online video. *Id.*

In his Emergency Motion, Plaintiff contends that Defendant Muhammad publicly shared false statements about him on November 17, 2024. Doc. 141 at 2–3. He argues that these statements "continue to perpetuate false and harmful allegations" against him. *Id.* at 4. Therefore, he asks for a temporary restraining order and preliminary injunction against Defendant Muhammad. *Id.* at 5.

---

[1] Moreover, although labeled an emergency, the facts alleged do not warrant emergency consideration. Plaintiff should be mindful that the Court takes the designation of motions as "emergency" motions most seriously. The Local Rules caution, "The unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions." L.R. M.D. Fla. 3.01(e). Examples of emergencies include when "a person's life is in danger, a family is about to be thrown out of its home, or a ruinous calamity is about to descend upon the community at large." *Onward Healthcare, Inc. v. Runnels,* No. 6:12-cv-508-RBD-KRS, 2012 WL 1259074, at *2 n.3 (M.D. Fla. Apr. 13, 2012); *Squitieri v. Nocco,* No. 8:19-CV-906-CEH-AAS, 2019 WL 4671095, at *1 (M.D. Fla. July 18, 2019).

The Court addresses only Plaintiff's request for a temporary restraining order in this order, as Defendant Muhammad has not yet responded to the motion for a preliminary injunction, and his time to respond has not yet elapsed.

First, Plaintiff has not complied with Middle District of Florida Local Rule 6.01(a), which governs the procedure for seeking the imposition of a temporary restraining order in this District.

Even if Plaintiff had complied with these procedural requirements, he nevertheless fails to show that he is entitled to a temporary restraining order under the applicable legal standard. A court's issuance of a temporary restraining order is an extraordinary remedy. *See United States v. Lambert,* 695 F.2d 536 (11th Cir. 1983). A party seeking such an order must show: 1) a substantial likelihood of success on the merits; 2) irreparable injury if the injunction is not granted; 3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and 4) that the entry of relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo,* 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see* L.R. 6.01(b), M.D. Fla.

Plaintiff has failed to meet at least two of these requirements. First, he has not shown that he will suffer irreparable injury if the motion is not granted. An injury is only "irreparable . . . if it cannot be undone through monetary remedies." *See Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville,* 896 F.2d 1283, 1285 (11th Cir. 1990). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray,* 415 U.S. 61, 90 (1974). Plaintiff has

the "burden to show a likelihood," not "only . . . a 'possibility' of irreparable harm." *See Hoop Culture, Inc. v. GAP Inc.,* 648 F. App'x 981, 985 (11th Cir. 2016) (per curiam) (internal quotations omitted). Here, Plaintiff asserts that Muhammad's Facebook post is causing irreparable harm to his "character and well-being" as well as to his "reputation and safety." Doc. 141 at 4. But he fails to explain why the defamatory harm could not be remedied by money damages.

Nor does Plaintiff establish a likelihood of success on the merits of his underlying claims, as he states nothing more on this point than that he "has already established that the Defendant's statements are false and defamatory." *Id.* Thus, Wood fails to satisfy at least two of the requirements for injunctive relief—that he is likely to succeed on the merits, and that he lacks a remedy at law.

Accordingly, it is **ORDERED** that Plaintiff's Emergency Motion for Injunction Against Continued Defamation (Doc. 141) is **DENIED** to the extent Plaintiff seeks a temporary restraining order. The Court will rule on his request for a preliminary injunction in due course.

**DONE** and **ORDERED** in Tampa, Florida on November 21, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties